UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ADAM BASCH | ) |
| | ) |
|     Plaintiff, | ) |
| v. | )   Case No. 23-cv-30121-MGM |
| | ) |
| RELIANCE STANDARD LIFE | ) |
| INSURANCE COMPANY, | ) |
| | ) |
|     Defendant. | ) |

MEMORANDUM AND ORDER CONCERNING PLAINTIFF'S MOTION TO CLARIFY
AND COMPLETE THE CLAIMS RECORD
(Dkt. No. 22)

Adam Basch ("Plaintiff") is suing Reliance Standard Life Insurance Company ("Defendant" or "Reliance") to recover long-term disability benefits.  By the present motion, Plaintiff seeks an order from the court requiring Reliance to submit a revised affidavit attesting to the contents of the claim record provided by Reliance to Plaintiff's counsel; supplement the claim record with copies of medical records that Plaintiff claims were incomplete or that Reliance failed to include or obtain; and provide discovery in the form of an affidavit attesting to whether certain documents exist, and, if such documents exist, submit a sworn offer of proof as to why the records were not included in the record and include them therein (Dkt. No. 23).  Defendant opposes Plaintiff's motion (Dkt. No. 29).  For the reasons set forth herein, the court DENIES Plaintiff's motion.

    I.      Relevant background

Defendant issued Bacon Wilson, P.C. a Long-Term Disability Policy, LTD 127659, effective July 1, 2016 ("the Policy").  Plaintiff, as an attorney and shareholder in the litigation department at Bacon Wilson, P.C., was an insured under the Policy, which provided long-term disability benefits in the event an insured could no longer perform his or her regular occupation.

According to Plaintiff, his regular occupation was that of a litigation attorney (Dkt. No. 23 at 1-2). It appears to be undisputed that the Policy qualifies as an employee benefit plan covered by ERISA. *See, e.g., Campbell v. Unum Grp.*, 633 F. Supp. 3d 378, 381-85 (D. Mass. 2022).

Plaintiff stopped working on August 14, 2017. After an initial investigation, Reliance concluded that Plaintiff was totally disabled from his regular occupation, entitling him to benefits under the Policy (Dkt. No. 23 at 2). According to Defendant, when Plaintiff stopped working, he identified his symptoms as leg and back pain, headaches and migraines, fatigue, and confusion (Dkt. No. 29 at 4). As required by Reliance, Plaintiff later applied for social security disability benefits, an endeavor in which he was successful (Dkt. No. 23 at 2). In or around 2020, a nurse employed by Defendant recommended obtaining updated records because it was difficult to understand why Plaintiff could not work (Dkt. No. 29 at 4). On September 26, 2022, Defendant informed Plaintiff that it was terminating his benefits effective October 1, 2022 because, having reviewed Plaintiff's claim record, it had determined that he was capable of sedentary work activity. In the benefits denial letter, Defendant informed Plaintiff that he had the right to appeal and, in doing so, should inform Defendant of any reason he thought the denial decision was incorrect by a submission of written comments, documents, records, or other information relating to his claim (Dkt. No. 20 at 3-4). Plaintiff appealed Defendant's benefits denial, submitting, among other things, statements from two long-time physicians and a personal statement explaining how his impairments limited his ability to work (Dkt. No. 23 at 3). On February 21, 2023, Defendant denied Plaintiff's appeal, explaining the basis of the denial (Dkt. No. 23 at 3-5).

Plaintiff filed suit against Reliance in the Hampden County Superior Court on or around September 29, 2023 (Dkt. No. 1-3 at 2-10), stating an ERISA claim (Dkt. No. 1-3 at 9). After Defendant removed the case to this court (Dkt. No. 1), the case was referred to the undersigned

for pretrial management (Dkt. No. 7). The parties appeared for a Rule 16(b) scheduling conference on February 21, 2024. The resulting order noted that Defendant had provided Plaintiff with a complete copy of the proposed claim record and called for Plaintiff to notify Defendant by March 27, 2024 whether the record as constituted was acceptable to him. If the parties agreed on the claim record, it was to be filed with the court by April 19, 2024 (Dkt. No. 16 at 1). At the parties' request, the court subsequently extended the deadlines in the scheduling order to accommodate their attempt to mediate a resolution of the case (Dkt. No. 17). The revised order provided that, in the event mediation was not successful (it was not), Plaintiff should notify Defendant by May 24, 2024 whether the claim record was acceptable (Dkt. No. 19). Plaintiff filed his motion to clarify and supplement the claim record on July 1, 2024 (Dkt. No. 22). Following further filings, the court held argument on Plaintiff's motion on August 29, 2024 (Dkt. No. 30) and took the motion under advisement.

II.  Legal Framework

Department of Labor regulations provide that a claimant denied disability benefits under a plan governed by ERISA is entitled to an appeal of the denial by a "'full and fair review of a claim and adverse benefit determination' [in which] the claimant must be provided 'upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits.'" *Jette v. United of Omaha Life Ins. Co.*, 18 F.4th 18, 26-27 (1st Cir. 2021) (quoting 29 C.F.R. § 2560.503-1(h)(2)(iii)). As part of this review, a claimant must be provided with an "'opportunity to submit written comments, documents, records, and other information relating to the claim for benefits,'" *id.* at 27 (quoting 29 C.F.R. § 2560.503-1(h)(2)(ii)), and "[t]he review on appeal must 'take[] into account all comments, documents, records, and other information submitted by the claimant relating to the

3

claim, without regard to whether such information was submitted or considered in the initial benefit determination.'" *Id.* (second alteration in original) (quoting 29 C.F.R. § 2560.503-1(h)(2)(iv)). The insurer's entire claim record, including the records relating to a claimant's appeal from a denial of benefits, constitutes the administrative record. *See id.* at 29. "[B]ecause judicial review of claim denials is ordinarily limited to the administrative record, '[t]he Plan's internal review process may be the claimant's last genuine opportunity to influence the final decision, to supplement the record in preparation for judicial review, or to correct any errors in the existing record.'" *DiGregorio v. Hartford Comprehensive Emp. Benefit Serv. Co.*, 423 F.3d 6, 15 (1st Cir. 2005) (second alteration in original) (quoting *Palmer v. Univ. Med. Grp.*, 994 F. Supp. 1221, 1240 (D. Or. 1998)).

In an ERISA denial of benefits case, "because the Court's review [is] limited to adjudicating the reasonableness of the administrator's decision to deny benefits, 'some very good reason is needed to overcome the strong presumption that the record on review is limited to the record before the administrator.'" *Nicholas v. Cigna Life Ins. Co. of New York*, Civ. No. 14-cv-14117-ADB, 2016 WL 755612, at *2 (D. Mass. Feb. 25, 2016) (quoting *Liston v. Unum Corp. Officer Severance Plan*, 330 F.3d 19, 23 (1st Cir. 2003)); *see also Doe v. Harvard Pilgrim Health Care, Inc.*, 974 F.3d 69, 75 (1st Cir. 2020) (*Doe II*). "This is true as to discovery as well, regardless of whether the standard of review is de novo or deferential." *Orndorf v. Paul Revere Life Ins. Co.*, 404 F.3d 510, 520 (1st Cir. 2005). In *Doe II*, "[t]he district court treated as comprising the record everything compiled by or submitted to [the insurer] in the course of making its final coverage decision. … In so proceeding, the district court did exactly what the law called for." *Doe II*, 974 F.3d at 74-75. Indeed, the First Circuit has "consistently held that the record before the district court should match the record reviewed by the administrative

4

decisionmaker absent some special circumstances." *Id.* at 75 (citing *Doe v. Harvard Pilgrim Health Care, Inc.*, 904 F.3d 1, 6 (1st Cir. 2018) (*Doe I*); *Liston*, 330 F.3d at 23).

    III.    <u>Analysis</u>

Although not phrased in these terms, Plaintiff's motion seeks discovery in the form of affidavits or declarations and to reconfigure the contents of the claim record by the addition of records that Defendant did not consider at any stage when it reviewed Plaintiff's claim. While Plaintiff complains that he had no part in creating the physical claim record produced by Reliance, he ignores that he supplied information to Defendant while he was receiving benefits and while Defendant was reviewing his claim and that it is a well-established principle that "[a] claimant seeking disability benefits bears the burden of providing evidence [to the insurer] that he is disabled within the Plan's definition." *Morales-Alejandro v. Med. Card. Sys., Inc.*, 486 F.3d 693, 700 (1st Cir. 2007). With the principles set forth above in mind, the court turns to a discussion of the orders Plaintiff seeks from the court, discussed in tandem when warranted by the subject matter of the requests for relief.

        A.   Reliance has sufficiently attested that the claims record it provided to Plaintiff is the complete claim record.

Plaintiff contends that he cannot be sure that Reliance has produced the complete claim record and he requests that the court order Reliance to produce a revised affidavit to properly substantiate that the proposed record is complete (Dkt. No. 22 at 5-7, 18). He further contends that he cannot determine independently whether Defendant has included all the medical records that Defendant received in connection with Plaintiff's claim or whether it has included such records in the form in which it received them, and he complains about the absence of policy documents and copies of internal communications among Defendant's employees and with non-parties such a Plaintiff's care providers (Dkt. No. 23 at 10-11, 14-17). Reliance provided its

5

claim record – consisting of pages with Bates numbers AR000001 through AR002439 – to Plaintiff's counsel accompanied by an affidavit made by Defendant's Director of Claim Reporting and Investigations, attesting to the accuracy and completeness of the claim record provided to Plaintiff's counsel (Dkt. No. 29-1 at 1 ¶¶ 1, 3).  Plaintiff's counsel conceded at the hearing on his motion that Plaintiff did not provide any document to Defendant that is not included in the record, nor has he identified any document that Plaintiff requested in connection with his appeal from the benefits denial that Defendant failed to supply.  Other than speculation about documents such a record *might*, or, in Plaintiff's opinion, *should* contain, he has not stated any basis for the assertion that is it unfair to require him to rely on Defendant's representation that he has been supplied with Reliance's complete claim record related to Plaintiff's claim for disability benefits.[1]  Where Plaintiff has failed to identify any basis for the court to find that Defendant did not supply the complete claim record to Plaintiff's counsel, including but not limited to all the medical records it received, there is no basis or reason for the court to order Reliance to produce a duplicative affidavit.

      B. The identification of the applicable definition of "regular occupation" is a substantive question rather than a question about the scope of the claim record.

Plaintiff complains that the claim record includes two insurance policies that contain different definitions of the term "regular occupation," and he contends by the instant motion that Reliance should be required to clarify which definition of the term defining occupation it applied when it decided to discontinue Plaintiff's disability benefits.  Both definitions of the term

---

[1] Plaintiff's memorandum refers to an exhibit 4 which Plaintiff represents contained a list of items that Plaintiff believes might or should have been included in the claim record (Dkt. No. 23 at 7).  As Defendant noted in its August 5, 2024 opposition to Plaintiff's motion, there was no exhibit 4 attached to Plaintiff's motion or his memorandum (Dkt. No. 29 at 2 n.1).  In any event, the exhibits would not change the court's ruling on Plaintiff's motion.

"regular occupation" are before the court in the claim record. It is open to Plaintiff to argue that Defendant applied the wrong definition or that the claim record shows that, whichever definition applies, Defendant's benefits denial was improper. This is a merits question, not a question suitable for resolution on a motion to determine the scope of the claim record.

      C.  The time for supplementing the claim record with additional medical records has passed.

Plaintiff argues that the existing claim record must be supplemented with medical records that Defendant requested from providers but did not receive, pages that are missing from medical records included in the record, and records from medical providers that Defendant knew Plaintiff had consulted and that Defendant did not request (Dkt. No. 23 at 11-13). All these contentions are based on the premise that Defendant was obligated to gather records from some or all of Plaintiff's medical care providers in the course of reviewing his claim. Plaintiff does not acknowledge that he was responsible for proving that he was entitled to disability benefits by submitting to Defendant the information necessary to support his claim "that he is disabled within the plan's definition." *Morales-Alejandro*, 486 F.3d at 700. The First Circuit has foreclosed this argument. In *Orndorf*, the plaintiff contended that the district court erred when it denied him leave to submit additional evidence including medical records, an MRI report, and a medical report from an orthopedic spine specialist to augment the claim record before deciding, on *de novo* review, whether the insurer's denial of benefits should be reversed. The First Circuit held as follows:

> Not only do we reject [plaintiff's] claim that it was error for the court to exclude such extra record medical evidence, but we hold that it would have been error for the court to have admitted such evidence. The decision to which judicial review is addressed is the final ERISA administrative decision. It would offend interests in finality and exhaustion of administrative procedures required by ERISA to shift the focus from that decision to a moving target by presenting extra-administrative record evidence going to the substance of the decision. There is no claim that

> Plaintiff was denied an opportunity to present evidence to the administrator. Here, the plaintiff had ample time to collect records …. Even if the new evidence directly concerned the question of his disability before the final administrative decision, *it was inadmissible.*

*Orndorf*, 404 F.3d at 519 (citation omitted; emphasis added). *Orndorf* remains the law in this circuit. Plaintiff does not contend that he was denied an opportunity to present evidence to the administrator. He has not suggested that he lacked ample time to collect records. There is no indication before the court that Plaintiff asked Defendant to give him additional time to gather records, or to defer a decision pending additional testing or reports documenting additional medical appointments. Nor, as previously noted, is there any indication that Plaintiff submitted any evidence to Defendant that was omitted from the claim record. So far as appears from the motion before the court, there are no special circumstances that would justify departing from the rule set out in *Orndorf*.

Plaintiff's reliance on *Beauvais v. Citizens Fin. Grp., Inc.*, 418 F. Supp. 2d 22, 31-32 (D.R.I. 2006), is misplaced. In *Beauvais*, the insurer was aware of an MRI report and an X-ray that supported the opinion of the plaintiff's treating orthopedic surgeon that the plaintiff could not work because of cervical degenerative joint disease and cervical radiculitis. *Id.* at 25-26. The insurer did not receive or obtain copies of the MRI or the X-ray, notwithstanding that it was aware these diagnostic tests existed, were important to evaluating the plaintiff's claim, and that internal evaluators had referred to the absence of the records. *Id.* at 31. The court held that the insurer's failure to obtain the MRI report and the x-ray was unreasonable and an abuse of discretion. The court nonetheless went on to state that its decision did "not mean that a fiduciary or administrator has the burden of obtaining information necessary to support a disability claim. That burden clearly rests on the claimant." *Id.*

*Beauvais* is not binding on this court, nor is it easy to reconcile with *Orndorf*. Most importantly, the instant case is not factually similar to *Beauvais*. First, in *Beauvais*, the court was faced with the denial of a well-documented claim of functional limitations due to cervical disc degeneration that precluded work. *Id*. In contrast, according to Defendant, over the life of Plaintiff's claim, he was seen by over twenty doctors none of whom could explain or corroborate his symptoms. He coached his children in soccer and went skiing with them. The claim record included unremarkable examinations and diagnostic testing. Plaintiff never submitted a functional limitation evaluation or results of neuropsychological testing. Plaintiff's submission from a treating care provider following the initial denial of benefits can fairly be characterized as equivocal (Dkt. No. 29 at 4-6). Second, this is not a case in which Plaintiff seeks to add clearly identified, limited information essential to the evaluation of his claim, the existence of which was known to Defendant when it denied the claim. Plaintiff's motion is essentially a fishing expedition that, if granted, would substantially reconfigure the record on which Defendant made its claim decision. Under *Orndorf* and its progeny, at this stage, Plaintiff is not entitled to supplement the record in the manner he proposes.

    D. Plaintiff is not entitled to discovery concerning the records review conducted by Leonard J. Sonne, M.D.

There is no dispute that Dr. Sonne ("Sonne") conducted a record review on which Defendant relied in deciding to discontinue Plaintiff's benefits (Dkt. No. 23 at 13; Dkt. No. 29 at 15). Plaintiff contends that Defendant must add documents to the claim record that will show all of Defendant's communications with Sonne and his employer; all documents on which Defendant relied in determining that Sonne was qualified to conduct the record review in Plaintiff's case; all communications between Defendant and any medical professional not employed by Defendant; all documents notifying Plaintiff that Defendant had engaged Sonne to

9

perform a record review; and all documents informing Plaintiff of Sonne's findings and notifying him of his right to submit additional information in support of his claim.

According to Defendant, the claim record includes Sonne's report, which identifies the records he reviewed as a basis for his report along with the questions he was asked to address (Dkt. No. 29 at 15-16). Plaintiff has not filed a reply disputing these representations. In any event, these requests for supplementation miss the mark. "[W]hether Defendant reasonably relied on the opinion[] of [a] physician[] who did not examine Plaintiff and whether there was substantial evidence that Plaintiff's chronic pain condition and use of opiates resulted in functional restrictions and limitations meeting the … definition of disability are merits arguments" rather than arguments that would justify additions to the claim record. *Germana v. Hartford Life & Accident Ins. Co.*, Civil No. 3:23-cv-30065-MGM, 2024 WL 3416026, at *4 (D. Mass. July 15, 2024).

The court agrees with Plaintiff that he was entitled to a copy of Sonne's report and the opportunity to respond by "submitting written comments, documents, records, or other information relating to [his] claim that [he] deemed appropriate" and that Defendant's "review on appeal had to take into account [any such] new submissions." *Jette*, 18 F.4th at 29 (citing 29 C.F.R. §§ 2560.503-1(h)(2)(ii), (iv)). Again, however, the contention that Defendant failed to provide Plaintiff with a full and fair review before discontinuing disability benefits by failing to provide him Sonne's report on a timely basis, and that this failure prejudiced Plaintiff, are merits arguments, not arguments for supplementation of the record now before the trial court. The remedy for such a procedural misstep by Defendant, if such a misstep occurred (Defendant denies that it did), is a remand by the trial court in accordance with the principles set forth in the *Jette* case. *See id.* at 33.

      E.  The bare fact of a structural conflict does not justify supplementation of the claim record.

Finally, Plaintiff appears to contend that the claim record should be supplemented with documents concerning what steps Defendant took, if any, to address its structural conflict of interest (Dkt. No. 23 at 17). Defendant acknowledges that, because it determines whether a claimant is eligible for benefits and pays any benefits that are owed under a policy, it operates under a structural conflict of interest (Dkt. No. 29 at 18). *See, e.g., Denmark v. Liberty Life Assurance Co. of Boston*, 566 F.3d 1, 7 (1st Cir. 2009) (discussing the circumstances in which an insurer has a structural conflict of interest). For an ERISA plaintiff seeking discovery related to an insurer's structural conflict, however, "the same burden-of-proof rules that apply to 'any other aspect of an ERISA claim for improper denial of benefits' likewise apply to the conflict-discovery issue …. The beneficiary thus bears the burden of showing that the conflict influenced the Plan administrator's decision in some way." *Troiano v. Aetna Life Ins. Co.*, 844 F.3d 35, 45 (1st Cir. 2016) (citation omitted). "To be entitled to supplemental discovery, a plaintiff must 'make[] a threshold showing that the denial of benefits was improperly influenced by the administrator's conflict of interest.'" *Bonomo v. Factory Mut. Ins. Co.*, Civil Action No. 1:21-cv-11750-IT, 2023 WL 3934696, at *7 (D. Mass. June 9, 2023) (alteration in original) (quoting *McGahey v. Harvard Univ. Flexible Benefits Plan*, Civil Action No. 08-10435-RGS, 2009 WL 799464, at *2 (D. Mass. Mar. 25, 2009)). "The existence of a structural conflict, standing alone, is insufficient to establish a very good reason justifying … discovery …." *Germana*, 2024 WL 3416026, at *6. Plaintiff has offered nothing more than the existence of a structural conflict to justify discovery and a supplement to the claims record. He has not met his burden on this point. *Id.*

    IV.  <u>Conclusion</u>

For the foregoing reasons, Plaintiff's Motion to Clarify and Complete the Claims Record (Dkt. No. 22) is DENIED.

It is so ordered.

Date:  October 10, 2024                                             <u>Katherine A. Robertson</u>
                                                                    KATHERINE A. ROBERTSON
                                                                    US. MAGISTRATE JUDGE